UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KYLON HOOKS,<br><br>    Plaintiff,<br><br>v.<br><br>CHAPLAIN FINANCIAL SERVICES, LLC,<br><br>    Defendant. | Case No. 1: 17-cv-03651<br><br>Honorable Gary Feinerman |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENTAGAINST
CHAPLAIN FINANCIAL SERVICES, LLC ON A SUM CERTAIN**

    NOW comes KYLON HOOKS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman") and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, requesting that this Honorable Court enter a Default Judgment against CHAPLAIN FINANCIAL SERVICES, LLC ("Defendant") and in support thereof, stating as follows:

    1. On May 15, 2017, Plaintiff filed his Complaint for Relief Pursuant to the Fair Debt Collection Practices Act ("FDCPA") against Defendant. The basis of Plaintiff's Complaint is that Defendant violated the FDCPA and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") through its collection activities. Chiefly, Plaintiff alleges that Defendant engaged in impermissible collection activity against through threats, including non-existent litigation.

    2. On May 19, 2017, Berham Tassaw, a process server, effectuated service on Defendant by serving Steve Finkell, an authorized employee of Defendant's Registered Agent Igor Miroshevskiy.

    3. On June 9, 2017, Defendant's time to answer or otherwise plead elapsed.

1

4. On June 16, 2017, the undersigned counsel placed a phone call to Defendant and spoke with Cody Mitchell ("Mitchell") who identified himself as a manager of Defendant. The undersigned counsel advised Mitchell of Defendant's default and Plaintiff's intention to move forward. Additionally, the undersigned placed two additional calls to Mitchell and left messages which were not responded to.

5. On July 7, 2017, after Defendant failed to answer or otherwise plead, Plaintiff caused to be filed a Motion for Entry of Default. Attached to the Motion for Entry of Default was an affidavit signed by the undersigned counsel, attesting that service had properly been effectuated and Defendant was not in member of a protected category. A copy of Plaintiff's Motion for Entry of Default was mailed to Defendant's Registered Agent and to Defendant.

6. On July 17, 2017, this Honorable Court granted an Entry of Default against Defendant.

7. Having gained an Entry of Default against Defendant, Plaintiff now moves this Honorable Court to enter a Default Judgment against Defendant and in favor of Plaintiff.

8. Defendant is aware of the instant proceedings and has willfully chosen not to formally enter the case despite proper service and additional notice from the undersigned.

9. Plaintiff seeks statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and payment of his costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

STATUTORY DAMAGES

10. Plaintiff seeks statutory damages of the maximum allowed under the FDCPA, $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A).

11. Based on Defendant's conduct, Plaintiff believes this Honorable Court should not hesitate to punish Defendant to the fullest extent of the law. As Plaintiff's Complaint states, Defendant engaged and in willfully false collection activity. Defendant impermissibly used the threat of

litigation which did not exist in an attempt to coerce payment from Plaintiff, a clear violation of the FDCPA.

12. Defendant has clearly demonstrated a lack of respect for the legal process. It has had clear notice of this lawsuit through its Registered Agent and its manager, Mitchell. Rather than participate in the legal process, Defendant has willfully chosen not to participate and as such has waived its right to be given any benefit by this Court.

### ATTORNEY FEES AND COSTS

13. Plaintiff seeks $5,484.36 in reasonable attorney fees and costs pursuant to 15 U.S.C. §1692k(a)(3). *See* attached Exhibit A is a true and correct itemization of Plaintiff's reasonable attorney fees and costs and attached Exhibit B is a true and correct copy of an affidavit endorsed by the undersigned.

WHEREFORE, Plaintiff, KYLON HOOKS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Entering a Default Judgment against CHAPLAIN FINANCIAL SERVICES, LLC and in favor of Plaintiff;

b. Awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against CHAPLAIN FINANCIAL SERVICES, LLC and in favor of Plaintiff;

c. Awarding Plaintiff $5,484.36 in costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3) against CHAPLAIN FINANCIAL SERVICES, LLC and in favor of Plaintiff;

d. Allowing judgment interest to be added; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 24, 2017           Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.

                                  2500 Highland Avenue, Suite 200
                                  Lombard, Illinois 60148
                                  (630) 568-3056 (phone)
                                  (630) 575-8188 (fax)
                                  nvolheim@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

       The undersigned, one of the attorneys for Plaintiff, certifies that July 24, 2017, he caused a copy of the foregoing PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST CHAPLAIN FINANCIAL SERVICES, LLC ON A SUM CERTAIN, to be served by United Parcel Service overnight mail, on:

Chaplain Financial Services, LLC
c/o Registered Agent, Igor Miroshevskiy
4025 Woodridge Way
Deklab, Tucker, GA 30084-2160

Chaplain Financial Services, LLC
4025 Woodridge Way
Deklab, Tucker, GA 30084-2160

                                          s/ Nathan C. Volheim
                                          Nathan C. Volheim, Esq.